IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                   No. CR 18-2212 KG

**JOSE VELARDE-PAVIA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jose Velarde-Pavia's (Defendant) Notice of *Brady* Request (*Brady* Request), filed April 18, 2019, and Defendant's Motion to Produce Informants and Motion to Compel Disclosure of Information Regarding Informants (Motion to Compel), filed April 30, 2019. (Docs. 85 and 102). The United States filed its response to Defendant's *Brady* Request on April 22, 2019, and its response in opposition to the Motion to Compel on May 15, 2019. (Docs. 93 and 117). Having considered the record, the briefing, and the applicable law, the Court accepts the United States' response to Defendant's *Brady* Request and denies Defendant's Motion to Compel.

I.     Background

The Court addressed the factual background of this case in the contemporaneously filed Memorandum Opinion and Order denying Defendant's Second Motion to Suppress, and will not repeat the same herein.

In his *Brady* Request, Defendant seeks disclosure of "any and all exculpatory information" in possession of the United States, including "any and all information which might tend to cast doubt on the credibility of any witness . . . who may testify on behalf of the [United States]." (Doc. 85) at 1, 2. With respect to each prosecution witness, Defendant requests terms

and conditions of all agreements between the witness and the United States, information regarding the witness's criminal history, identification of prior testimony, evidence of psychiatric or mental-health treatment, evidence of drug or alcohol use, and evidence of grievances filed against law enforcement witnesses. (*Id.*) at 2-3. Collaterally, in his Motion to Compel, Defendant specifically requests detailed information regarding any confidential informant(s) (CI) used in this case. (Doc. 102).

In response to Defendant's *Brady* Request, the United States essentially assures the Court that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1984), *Kyles v. Whitley*, 514 U.S. 419 (1995), and other cases, and will comply with those obligations. (Doc. 93). The United States requests that the Court otherwise deny Defendant's request.

With respect to the CI in this case, the United States argues that he or she was neither involved in nor a witness to the crimes charged, will not testify as a witness for the United States, and, therefore, Defendant is not entitled to disclosure of the CI's identity or the requested information under *Brady*, *Giglio*, or *Roviaro v. United States*, 353 U.S. 53 (1957). (Doc. 117). To the extent the Court requires more information to resolve the Motion to Compel, the United States requests that the Court conduct an *in camera* hearing. (*Id.*) at 18.

II. <u>Analysis</u>

As an initial matter, the Court accepts the United States' representations regarding Defendant's *Brady* Request. To the extent the *Brady* Request constitutes a motion, the motion is denied without prejudice to Defendant's ability to raise specific issues, if necessary, in the future.

The United States generally enjoys a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. The so-called "informer's privilege" serves "the furtherance and protection of the public interest in effective law enforcement [by] . . . recogniz[ing] the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

As with most privileges, the informer's privilege is not absolute. "[W]here the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. When evaluating a motion to compel disclosure of a CI, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

In *United States v. Moralez*, the Tenth Circuit adopted the Fifth Circuit's explanation of the broad categories into which CIs may fall. 908 F.2d 565, 568 (10th Cir. 1990) (citing *United States v. Fischer*, 531 F.2d 783, 787 (5th Cir. 1976)).

> At one extreme are the cases where the information is a mere tipster, and disclosure is not required. *See, e.g.*, [*United States v.*] *Zamora*, 784 F.2d [1025,] 1030 [(10th Cir. 1986)]; [*United States v.*] *Halbert*, 668 F.2d [489,] 496 [(10th Cir. 1982)]. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. *See, e.g.*, *United States v. Price*, 783 F.2d 1132, 1140 (4th Cir. 1986). In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its information. *Fischer*, 531 F.2d at 787.

*Moralez*, 908 F.2d at 568. The Tenth Circuit further elaborated that:

3

> The disclosure of a confidential informant's identity involves balancing the public interest in protecting the flow of information in a manner necessary for effective law enforcement against an individual's right to prepare his defense. In making the determination as to whether disclosure is necessary, the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, and the significant of the informer's testimony. Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret his identity must prevail over the defendant's asserted right of disclosure. A defendant seeking disclosure has the burden of proof, and we review the district court's decision for an abuse of discretion.

*United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997) (internal citations and quotation omitted).

New Mexico courts have interpreted this balancing to require disclosure of "a CI's identity where the CI was integrally involved in the criminal transaction, observed the criminal transaction, and was not a mere bystander." *United States v. Rivas*, 26 F. Supp. 3d 1082, 1113 (D.N.M. 2014) (alterations and quotation omitted).

Defendant argues the CI in this case was more than a "mere tipster," and may have information regarding whether Defendant knew about the methamphetamine concealed in the truck, knowingly possessed the methamphetamine with the intent to distribute it, and/or possessed the firearms in the truck in connection with a drug trafficking crime. (Doc. 102) at 6-7. Defendant's argument further hinges on the CI's involvement in a controlled buy that led to officer's obtaining the search warrant which lead to the discovery of alleged contraband made the basis of the Superseding Indictment.

Defendant further argues that Agent G. Juarez may have had an inappropriate relationship with the CI. The CI denies any such relationship. Nonetheless, Defendant contends Agent Juarez's conduct undermines information contained in the search warrant affidavit. This

argument is addressed in the contemporaneously filed Memorandum Opinion and Order denying Defendant's Second Motion to Suppress.[1]

The United States counters that the CI "played no role in the crimes charged" and will not be a government witness at trial. (Doc. 117) at 8-9. Furthermore, the United States informed the Court and Defendant that the controlled buy underpinning the search warrant has not been and will not be charged, nor will the United States or its witnesses mention the controlled buy at trial. (*Id.*) at 9.

If the United States had charged Defendant with distribution of methamphetamine related to the controlled buy, the Court would agree with Defendant and compel disclosure of the CI's identity. However, under the circumstances of this case, Defendant presented neither evidence nor compelling argument that the CI observed execution of the search warrant or was in any way involved in placing the methamphetamine or firearms in Defendant's truck. Because the CI was not involved in the criminal interaction charged by the United States, his or her previous reliability as an informant is not relevant under *Brady* or Federal Rule of Evidence 401 as it has no tendency to make a fact of consequence more or less probable.

To the extent Defendant seeks to interview the CI as a means of obtaining impeachment evidence against Agent Juarez, the United States already produced transcripts of multiple interviews with the CI regarding Agent Juarez's conduct. Furthermore, the United States represents that it will not call Agent Juarez at trial, meaning that Agent Juarez is not a prosecution witness at trial.

---

[1] To the extent Defendant argues the CI's prior history is relevant to this case, the CI's history and record would be relevant only to the Second Motion to Suppress, denied in the contemporaneously filed Memorandum Opinion and Order.

Based on Defendant's arguments and the record before the Court, the Court concludes the CI possesses no information related to the crimes charged, other than testimony that Defendant previously sold the CI methamphetamine from his truck. *See United States v. Cruz*, 680 F.3d 1261, 1263 (10th Cir. 2012) (affirming denial of CI disclosure because controlled buy not basis of indictment and CI's testimony would likely be inculpatory). The CI was not involved in the crimes charged. As such, *Roviaro* and its progeny do not mandate disclosure of the CI's identity. Defendant's Motion to Compel is denied.

III. Conclusion

To the extent Defendant's *Brady* Request constitutes a motion, it is denied without prejudice. Defendant failed to carry his burden of persuasion that the CI's testimony is relevant and material under *Roviaro*, or that the CI was involved in or witness to the charged conduct. Therefore, the Court denies Defendant's Motion to Compel.

IT IS, THEREFORE, ORDERED that

1. Defendant's Notice of *Brady* Request, filed April 18, 2019 (Doc. 85) is denied; and
2. Defendant's Motion to Produce Informants and Motion to Compel Disclosure of Information Regarding Informants, filed April 30, 2019 (Doc. 102) is denied.

_____
UNITED STATES DISTRICT JUDGE